IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRYAN L. TRAVIS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PARK CITY POLICE DEPARTMENT,<br>PARK CITY MUNICIPAL<br>CORPORATION,<br><br>　　　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No.  2:04CV462<br><br>Judge Tena Campbell<br><br>Magistrate Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Tena
Campbell pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court is Defendants Park City Police
Department and Park City Municipal Corporation's ("Defendants") Motion for Partial Summary
Judgment Regarding Plaintiff's Damages.  A hearing on the motion was held May 5, 2006.
Defendants were represented by Richard Van Wagoner and David Mull, and Plaintiff Bryan L.
Travis ("Plaintiff") appeared pro se.  Before the hearing, the court carefully considered the
memoranda and other materials submitted by the parties.  Since taking the motion under
advisement, the court has further considered the law and facts relating to the motion.  Now being
fully advised, the court recommends that Defendants' Motion for Summary Judgment Regarding
Plaintiff's Damages be granted in part and denied in part.

## I.  BACKGROUND

On January 17, 2004, Plaintiff was showing his artwork (consisting of "violin

sculptures") at Miner's Park in Park City, Utah. [Docket no. 28, ¶ 15.]  Plaintiff alleges that two

police officers approached and informed him that he could not show his artwork without a

business license.  [Docket no. 28, ¶ 15.]   The officers instructed Plaintiff to leave immediately or

be subject to misdemeanor charges and confiscation of his artwork.  [Docket no. 28, ¶ 15.]

Plaintiff packed up his violin sculptures and left the park under the supervision of the officers.

[Docket no. 28, ¶ 15.]  Plaintiff was not arrested or cited.  [Docket no. 28, ¶ 15.]

       Based on the events of January 17, 2004, Plaintiff filed a 42 U.S.C. § 1983 action against

Defendants alleging violations of his First, Fourth, and Fourteenth Amendment rights. [Docket

no. 28,  ¶ 1.]  In his Amended Complaint, Plaintiff claims he is "entitled to general, special,

consequential, and continuing damages in an amount according to proof." [Docket no. 28, ¶¶ 23,

58.]  He also contends that he is entitled to punitive damages and the costs and fees for bringing

the lawsuit.  [Docket no. 28 at 32 ¶¶ 5-6.]  Plaintiff alleges that Defendants have "proximately

caused [him] to sustain great bodily pain and shock to each Plaintiff's nervous system, [sic]

humiliation, fear, anxiety, torment, degradation and extreme emotional distress, as well as

constitutional injury."  [Docket no. 28, ¶ 56.]  Plaintiff further claims "pecuniary and

nonpecuniary losses in amount according to proof or, in lieu of proof thereon, in an appropriate

per se amount."  [Docket no. 28, ¶ 22.]

       In subsequent pleadings, Plaintiff argues that he is entitled to (1) damages from the loss

of potential sales in the amount of $67,500 [docket no. 108], (2) damages from emotional

distress and loss of enjoyment of life [docket nos. 28, 82, 87],  (3) punitive damages in the

amount of $700,000 [docket no. 74, exhibit A], (4) damages for defamation of character in the

amount of $500,000 [docket no.74, exhibit A], and (5) damages for a threat to his career in the

total amount of $1.8 million [docket no. 74, exhibit A].  To support these damage claims,

2

Plaintiff has asserted the following in his various pleadings:

(1) Plaintiff claims that the threat of arrest and imprisonment has prevented him from showing his artwork in Park City for at least a year, and, accordingly, he is entitled to losses from potential sales for that year.  Because Plaintiff sold two of his sculptures for a total of $500 to individuals who had seen his artwork in Miner's Park on January 17, 2004, Plaintiff estimates that he has suffered $75,000 in lost sales–the losses from the actual sales ($500) multiplied by the number of potential shows for the year (150).  He reduced that amount by ten percent to allow for error.  [Docket nos. 87, 108].  Plaintiff provided a letter from the director of an art gallery, Mainly Art, to show that the gallery sold two of Plaintiff's violin sculptures for $220 each to customers who "had seen his violins in a show at Park City, Utah."  [Docket no. 124, exhibit A.]  Plaintiff also provided affidavits from two individuals who witnessed the sale of Plaintiff's sculptures to people who had seen his show in Park City.  [Docket no. 124, exhibit A.]

(2) Plaintiff contends that he suffered severe emotional distress because he was so "distraught by the harassment and threat to his clean record, . . . he could not sleep at night."  He further alleges that he "had extreme anxiety, headaches, and could not bring himself to show for his art in public . . . for many months on end  . . . . and could not bring himself to show [his art] for a full year in Park City." [Docket nos. 82, 87].

(3) Plaintiff asserts that he is entitled to punitive damages because his job with Continental Airlines was greatly affected.  Plaintiff further states that Defendants' "actions were under 'conscious indifference' and/or 'conscious disregard' of Plaintiff's rights, both of which are punishable by punitive damages."   Plaintiff concludes that his "allegations meet and exceed the laws['] standards for punitive damages; it is for a jury to decide not the [D]efendants." [Docket no. 87.]

(4) Plaintiff claims damages stemming from allegedly defamatory statements made by

Defendants.  Specifically, Plaintiff alleges he was defamed when the following sentences were

printed in the Park City newspaper:

> Deputy Park City Attorney Tom Daley also asks that the case be dismissed and
> the artist be required to pay the city's legal costs.
>      . . . .
> Daley said that the government questions the nature of the lawsuit and said that
> the government does not believe that it deprived Travis of his constitutional
> rights. "I'm confident the complaint will be dismissed," Daley
> said.
>      . . . .
> Throughout the answer, Daley writes that the city either denies the
> allegations made by Travis or does not have sufficient information to admit or
> deny some of the charges in the lawsuit.
>      . . . .
> The city in the response, though, denies that the constitutional rights were
> violated.
>      . . . .
> Meanwhile, the city argues against the case through a series of legal
> doctrines and immunity clauses, including that the government and police officers
> have "qualified immunity" against the lawsuit.
>      . . . .
> The government in its response denies an allegation made by Travis that a
> police officer told him that he "would be arrested if I did not leave immediately."

[Docket no. 74, exhibit A.]  The only other allegedly defamatory statements were (1) made by the

mayor of Park City to a third party indicating that Plaintiff could not write a motion "if his life

depended on it " and (2) made by the chief of police to another Park City employee stating that

he wished plaintiff would "just go away." [Docket no. 70, exhibit E at 214-15.]

(5) Plaintiff contends that he has suffered damages for a threat to his airline career.

Specifically, he alleges "$34,000 in flight benefits for 2004 alone, plus salary times 25 years

before retirement.  This amounts to approximately $680,000 flight benefits and $625,000 in

salary not counting raises."  Plaintiff further alleges a threat to his CIA/FBI clearance, "which has

taken a lifetime to acquire (and can never be repaired once changed).  Welding [sic] the threat of

arrest against Plaintiff after a lifetime of careful cultivation of honesty, fairness, and truthfulness along with security clearance.  The amount of $500,000 for lifetime to acquire, and employment over next 25 years."  [Docket no. 74, exhibit A.]

## II.  STANDARD OF REVIEW

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate when the pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).  The movant bears an initial burden to demonstrate an absence of evidence to support an essential element of the non-movant's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  If the movant carries this initial burden, the burden then shifts to the nonmovant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element.  *See id.*

The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).  While the nonmovant is entitled to the benefit of whatever reasonable inferences there are in its favor, the reasonableness of those inferences is scrutinized in light of the undisputed facts.  *See id.* at 256.  A genuine dispute exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact."  *Id.* at 247-48.

## III.  DISCUSSION

Defendants argue that Plaintiff is not entitled to compensatory relief for his alleged constitutional injuries because he has failed to establish any actual damages.  Defendants also contend Plaintiff's various other claims for damages are legally and factually unfounded and should therefore be dismissed.

### A.  Compensatory Damages

It is well established that "[d]amages are available for violations of § 1983 'to compensate persons for injuries caused by the deprivation of constitutional rights.'" *Makin v. Colorado Dep't of Corr.*, 183 F.3d 1205, 1214 (10th Cir. 1999) (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)).  But an award for damages in a § 1983 action must be based on actual injuries caused by the defendant and not on the abstract value of a particular constitutional right. *See Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986); *Carey*, 435 U.S. at 264.  Nominal damages, however, may be awarded to prevailing plaintiffs in § 1983 actions where actual damages cannot be established.  *See Carey*, 435 U.S. at 266-67.  Thus, if Plaintiff prevails on his claim that Defendants violated his constitutional rights, he may be entitled to compensatory damages for the actual injuries, if any, that he has suffered.

Defendants contend that Plaintiff has failed to allege facts sufficient to establish any actual damage that would justify a compensatory monetary award and is therefore entitled only to nominal damages should he prevail.  Throughout the course of this litigation, however, Plaintiff has presented some evidence, albeit meager, that tends to support his claims for lost income and emotional distress.  Specifically, Plaintiff asserts that he has lost income from being unable to show his artwork in Park City for a year.  In support of this, he presented a letter and two affidavits to establish that he did sell some of his artwork to individuals who saw it in Park City.

He also claims to have suffered emotional distress over the fear of being arrested for showing his artwork in Park City.  While Plaintiff has not formally proffered this evidence through an affidavit, he has alleged throughout his pleadings and in his deposition that he has suffered mental and emotional distress from being told to cease showing his artwork or face possible arrest.

Damage for emotional distress is "customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff . . .  evidenced by one's conduct and observed by others," *Carey*, 435 U.S. at 264-65 & n.5.  Courts have routinely held that a plaintiff's testimony alone may support a claim of mental or emotional distress.  *See Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996); *see also Makin*, 183 F.3d at 1215 (noting that the plaintiff's testimony "provide[d] some evidence that he suffered mental or emotional stress").  Many courts also require that "the evidence of the emotional distress . . . be demonstrable, genuine, and adequately explained."[1]  *Price*, 93 F.3d at 1251 (holding that a plaintiff must prove his injuries for emotion distress with "competent, sufficient evidence").

Because a pro se plaintiff is entitled to a liberal construction of his pleadings, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (per curiam), the court cannot grant Defendants' Motion for Partial Summary Judgment in toto.  While the court finds that the evidence of both Plaintiff's lost income and emotional distress is not particularly persuasive, Plaintiff should have the opportunity to present it to a jury, subject to cross-examination, particularly when resolving all factual disputes and possible inferences in Plaintiff's favor.  *See Anderson*, 477 U.S. at 256. Accordingly, the court recommends that Plaintiff be allowed to proceed on his claims for lost

---

[1]*But see Zhang v. American Gem Seafoods, Inc.* 339 F.3d 1020, 1040 (9th Cir. 2003) (holding that objective evidence of emotional distress is not required in the Ninth Circuit).

income and emotional distress.[2]

## B.  Other Damage Claims

Plaintiff also claims he is entitled to punitive damages, damages for defamation of

character, and damages for a threat to his career.  The court will address each of these claims in

turn.

### (1) Punitive Damages

While punitive damages may be available to prevailing plaintiffs in § 1983 actions, they

are awarded "only when 'the defendant's conduct is shown to be motivated by evil motive or

intent, or when it involves reckless or callous indifference to the federally protected rights of

others.'" *Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1207 n.7 (10th Cir. 2006)

(quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  Plaintiff has failed to put forth any evidence

that Defendants' conduct rises to this level.  Accordingly, the court recommends dismissal of

Plaintiff's claims for punitive damages.

### (2) Defamation of Character

Plaintiff has not alleged a claim for defamation in his Amended Complaint, and the

deadline for amending his complaint has long since passed.  But even assuming that he had

properly alleged a cause of action for defamation, this claim would fail.  "To state a claim for

defamation, [one] must show that defendants published the statements concerning him, that the

statements were false, defamatory, and not subject to any privilege, that the statements were

published with the requisite degree of fault, and that their publication resulted in damage." *West

v. Thomson Newspapers*, 872 P.2d 999, 1007 (Utah 1994).  As a matter of law, not one

---

[2]By recommending that Plaintiff be allowed to proceed on his lost income and emotional distress claims, the court is not in any way suggesting that Plaintiff will or should prevail on his constitutional claim.

of the allegedly defamatory statements in the newspaper, or the alleged oral statements by the mayor and the chief of police, constitutes defamation.  Accordingly, the court recommends that Plaintiff's claims for defamation should therefore be dismissed.

### (3) Threat to Career

Plaintiff alleges that he has suffered damages in the amount of $1.8 million for a threat to his airline career and CIA/FBI clearance.  The only evidence Plaintiff presented to support these damage claims his self-serving allegations that his career was threatened.  While Plaintiff may support his claim for emotional distress with self-serving testimony because the law allows it, he may not do so on this claim for damages.  If Plaintiff's career was indeed threatened, he could have presented a letter from his employer, the CIA, or FBI evidencing the threat.  Because Plaintiff has presented no corroborating evidence that his airline job or his CIA/FBI clearance was ever in jeopardy, the court recommends that Plaintiff's claims for damages for a threat to his career be dismissed.

## IV.  RECOMMENDATION

IT IS HEREBY RECOMMENDED that Defendants' Motion for Partial Summary Judgment regarding Plaintiff's Damages [docket no. 73] be GRANTED in part and DENIED in part.  The court recommends that Plaintiff be permitted to proceed on his claims for lost income and emotional distress and that Plaintiff's claims for punitive damages, damages for defamation of character, and damages for a threat to his career be dismissed.  Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days

after receiving it.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 16th day of June, 2006.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge